IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ISELA CARMEAN, ) <br> on behalf of herself and all others ) <br> similarly situated, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MACYS RETAIL HOLDINGS, INC., ) <br> ) <br> Defendant. ) | Case No. 20-cv-04589 <br><br> Honorable Marvin E. Aspen |

## MOTION TO STAY

Plaintiff, Isela Carmean, through counsel, moves this Court to stay the above-captioned matter pending a decision from the Judicial Panel on Multidistrict Litigation ("JPML") on a currently pending motion to transfer multiple actions pursuant to 28 U.S.C. § 1407. *See, In re Clearview AI, Inc., Consumer Privacy Litig.,* MDL No. 2967*,* ECF No. 1.

**I. Background**

From January 2020 through March 2020, multiple putative class actions have been filed which include at least one common defendant: Clearview AI, Inc. ("Clearview").[1] The cases in the Northern District have been consolidated in front of Judge Sharon Johnson Coleman under *Mutnick v. Clearview AI, Inc*., 20-cv-512 (N.D. Ill.). The plaintiffs in each case bring claims under, *inter alia,* the Illinois Biometric Information Privacy Act, 740 ILCS 14/ *et seq.* ("BIPA")

---

[1] *Hall v. Clearview AI, Inc*., 20-cv-846 (N.D. Ill.); *John v. Clearview AI, Inc*., 20-cv-3481 (S.D.N.Y.); *Marron v. Clearview AI, Inc.*, 20-cv-2989 (N.D. Ill.); *McPherson v. Clearview AI, Inc*. (S.D.N.Y.); *Mutnick v. Clearview AI, Inc*., 20-cv-512 (N.D. Ill.); *Roberson v. Clearview AI, Inc*., 20-cv-3705 (S.D.N.Y.); *Thornley v. Clearview AI, Inc*., 20-cv-3843 (N.D. Ill.); *Broccolino v. Clearview AI, Inc*., 20-cv-2222 (S.D.N.Y.); *Burke v. Clearview AI, Inc*., 20-cv-3104 (S.D.N.Y.); *Calderon v. Clearview AI, Inc*., 20-cv-1296 (S.D.N.Y.).

1

and seek to certify identical or overlapping classes. The claims arise from Clearview's alleged practice of harvesting photographs and personal information from various internet sites and constructing a surveillance database with individual's biometric information and identifiers which was then leased to various public and private entities.

On August 18, counsel for Clearview filed a motion before the JPML to transfer all the cases to the Southern District of New York to be heard by the Honorable Colleen McMahon for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407(a). *See, In re Clearview AI, Inc., Consumer Privacy Litig.,* MDL No. 2967, ECF No. 1. Plaintiff's counsel in this case is also counsel for the plaintiff in one of the cases now consolidated before Judge Coleman in the Northern District. Because the claims in *Carmean* are related to the pending group of actions in the Clearview Litigation and because they share counsel, Plaintiff's counsel filed a Notice of Potential Tag-Along Action in the JPML on September 5, 2020. *Id.* at ECF 21.

Ms. Carmean's position is that her case and the Clearview litigation share common factual and legal questions and should be consolidated with *Mutnick.* In particular, though Clearview is not named as a defendant in this case, Plaintiff has alleged that Macy's utilized their surveillance database to illicitly obtain biometric information and identifiers from Illinois consumers. However, there is currently a stay pending in that case, so Mutnick is unable to file a motion for relation or consolidation of this case. *See, Mutnick v. Clearview AI, Inc.*, 20-cv-512 (N.D. Ill.), ECF 99 (order granting Clearview's motion for stay pending JPML decision). The Illinois Plaintiffs, including Ms. Carmean, all agree that a Multi-District Litigation ("MDL") would be in the best interest of the parties, but oppose the transfer to the Southern District of New York and argue that the Northern District of Illinois is a more suitable location for any MDL. *See, In re Clearview AI, Inc., Consumer Privacy Litig.,* MDL No. 2967, ECF 25.

Defendant Macy's filed an Interested Party Response the MDL regarding the Notice of Potential Tag-Along Action. *Id.* at 28. Macy's opposes any transfer of this case into any MDL or consolidated docket. *Id.*

On September 16, 2020, the JPML closed the briefing on the Motion to Transfer under § 1407. *Id.* at ECF 30. The MDL transfer motion will not be heard during the JPML's September 24, 2020 hearing session. The next hearing session will be December 3, 2020.

The consolidated actions in both the Northern District of Illinois and the Southern District of New York have been stayed pending the JPML's decision. *Mutnick v. Clearview AI, Inc.*, 20-cv-512 (N.D. Ill.), ECF 99 (order granting Clearview's motion for stay pending JPML decision); *Calderon et al v. Clearview AI, Inc. et al*, 20-cv-01296-CM (S.D.N.Y.), minute order of September 9, 2020 (staying all six related cases pending decision by JPML).

**II. Argument and Authority**

In deciding whether to grant a stay pending the JPML decision to transfer a case to an MDL, courts consider: (1) whether judicial economy favors a stay; (2) the potential prejudice to the non-moving party; and (3) any hardship or inequity to the moving party if the case is not stayed. *Paul v. Aviva Life & Annuity Co.*, No. 09-1038, 2009 U.S. Dist. LEXIS 64420, at *2 (N.D. Ill. July 27, 2009) (Aspen, J.). These factors favor a stay in this case.

If this case proceeds without a stay, the Court risks wasting scarce judicial resources familiarizing itself with the "intricacies of a case that may be coordinated or consolidated for pretrial purposes in another court." *Id.* at *3 (internal citation omitted). Moreover, by staying the case, the Court will be conserving judicial resources by avoiding duplicative litigation. Defendant Macy's has indicated they are planning to file a motion to dismiss – but such a motion

can be resolved just as easily in the transferee court and would avoid unnecessary briefings by both parties. Similarly, "[i]f the JPML transfers this action, we will no longer have jurisdiction over pre-trial matters and this court would have wasted judicial resources by addressing various pre-trial motions that could have been resolved in the transferee court." *Id.*

Macy's will not suffer any prejudice if the case is stayed. The motion to transfer before the JPML is fully briefed and the matter will likely be heard in early December, so any potential stay would be brief. *See, id.* at *. This case was only filed a little over six weeks ago and the Defendant has not answered yet – in fact, their deadline to do so was extended to September 28. ECF 16. *See, id.* (prejudice would be minimal where case had only been pending for five months). In fact, Defendant would benefit from a stay by not having to waste their own resources briefing a motion to dismiss that may not even be decided by this Court.

Finally, Carmean will suffer hardship if the stay is denied. At a minimum, Plaintiff will be forced to respond to a motion to dismiss by Defendant that may no longer be decided by the Court. If the case continues, discovery may begin before the JPML issues their decision, and Plaintiff would be subjected to duplicative discovery. Perhaps most importantly, the possibility of inconsistent rulings on critical questions of law. *See, id.* at *5 (Possibility of duplicative discovery, inconsistent rulings, "demonstrate clear hardships weighing in favor of staying this action until the JPML renders its decision.")

### III. Conclusion

Plaintiff Isela Carmean respectfully requests that this Court enter an order staying the case pending a decision by the JPML regarding transfer of the Clearview cases and whether this case will be included in any MDL and for any other relief the Court finds appropriate.

Submitted: September 18, 2020

By:
/s/ Michael Drew

Michael Drew
Neighborhood Legal LLC
20 N. Clark Street #3300
Chicago, IL 60602
312-967-7220
mwd@neighborhood-legal.com


Michael Wood
Community Lawyers LLC
20 N. Clark Street, Suite 3100
Chicago, IL 60602
Tel (312) 757-1880
mwood@communitylawyersgroup.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, Michael Drew, hereby certify that on September 18, 2020, I caused to be filed the foregoing documents via the CM/ECF System, which caused service of the same to be had on all attorneys which have appeared in this case

By: /s/ Michael Drew
*Attorney for Plaintiff*

Michael Drew
Neighborhood Legal LLC
20 N. Clark Street #3300
Chicago, IL 60602
312-967-7220
mwd@neighborhood-legal.com